## Case No. 6,326.

### HEINECKE v. RAWLINGS et al.

#### [4 Cranch, C. C. 699.] [1]

Circuit Court, District of Columbia.  March Term, 1836.

##### APPRENTICESHIP—INDENTURE—AGE.

A stranger to the indenture of apprenticeship cannot take advantage of the omission to insert the age of the apprentice.

Case for enticing and harboring the plaintiff's apprentice.

The plaintiff [Samuel Heinecke] offers, in evidence, the indenture, under seal of Joseph R. White, the apprentice, Ambrose White, his father, and the plaintiff, by which the apprentice, with the consent of his father, binds himself, as apprentice, to the plaintiff, to learn the art and mystery of a tailor, for three years, from the 2d of January, 1833.

Mr. Brent, for defendants [Rawlings and Langdon], objected that the age of the apprentice is not stated in the indenture, nor does it appear thereby, that he was a minor, as required by the 4th section of the Maryland act of 1793 (chapter 45). Ballard v. Edmondston [Case No. 817].

Mr. Bradley and Mr. Lee, for plaintiff, cited the 7th section of the same act, which provides, that, "in case the contract, whether defective in form or not, hath been partly executed," "the master or mistress of any apprentice may detain the said apprentice in his or her service till such apprentice is or shall be discharged by the court aforesaid; and the said master or mistress may maintain such action against strangers, as if such apprentice had been legally bound to serve."

Mr. Brent, in reply, contended that this indenture was not defective in form only, but in substance, and that therefore the 7th section of the act was not applicable to the case.

THE COURT (nem. con.) was of opinion, that the objection to the validity of the indenture, because the age was not inserted therein, cannot be made by a stranger. As to him, the indenture is, under the 7th section of the statute, valid until set aside by the court under the provisions of the same statute. Verdict for the plaintiff, $16.